**The below described is SIGNED.**



**Dated: January 06, 2009** _William J. Thurman_
_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number:  08-24899 |
| **Charles Brent Garner and Tracey Taylor Garner.** | Chapter 13 |
| Debtors. | |

## MEMORANDUM  DECISION

The matter before the Court is Charles Brent Garner and Tracey Taylor Garner's (the

"Debtors") request for confirmation of their amended chapter 13 plan (the "Plan").  Prior to the

confirmation hearing, J. Vincent Cameron, the chapter 13 Trustee (the "Trustee"), filed an

objection to the confirmation of the Plan on the ground that the it proposes to improperly treat

the secured claim of Citizens Auto Finance ("Citizens") in violation of 11 U.S.C.

§ 1325(a)(9)(*),[1] otherwise referred to as the "hanging paragraph."[2]   The Plan proposes to

---

[1]      Unless otherwise indicated, all future references are to title 11 of the Untied States
Code.

[2]      It is commonly referred to as the "hanging paragraph" because it follows the
numbered subsections of 11 U.S.C. § 1325(a) but has no numerical designation of its own.

bifurcate[3] Citizens' secured claim on the 2006 Chrysler 300C ("Chrysler") that the Debtors

purchased within 910 days of filing their petition ("910-day vehicle claim"), by paying the

secured value of the Chrysler in full and paying nothing on the unsecured balance.  Citizens has

not objected to the Plan's treatment of its claim.  The Debtors argue that Citizens' failure to

object constitutes an acceptance of the Plan under § 1325(a)(5)(A), and that they should be

allowed to bifurcate Citizens' claim.

At the confirmation hearing, the Trustee elected not to pursue his objection, and, in fact,

conceded that the that the Debtors' interpretation was accurate.  The Court, nevertheless, decided

to take the matter under advisement to determine whether the Court may confirm a plan that

provides for bifurcation of a 910-day vehicle claim of a secured creditor who has not objected to

the plan.  After a careful review of the pleadings and the applicable case law, the Court enters the

following Memorandum Decision.[4]

## I.    BACKGROUND

The Debtors filed their case under chapter 13 of the Bankruptcy Code on July 30, 2008

(the "Case").  The Debtors filed their original chapter 13 plan on August 13, 2008.  They

subsequently amended their plan on September 19, 2008.  The Plan proposes pre-confirmation

---

[3]      Under § 506(a), a claim secured by a lien is separated, or bifurcated, into a
secured portion reflecting the value of the property and an unsecured portion reflecting the
remaining debt or deficiency.  Specifically, § 506(a)(1) provides, in relevant part, "[a]n allowed
claim of a creditor secured by a lien on property in which the estate has interest, . . . is a secured
claim to the extent of the value of such creditor's interest in the estate's interest in such property,
. . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less
than the amount of such allowed claim." 11 U.S.C. § 506(a)(1).

[4]      This Memorandum Decision constitutes the Court's findings of fact and
conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, made
applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

monthly payments of $1,100 and post-confirmation monthly payments of $670 with a zero return

to unsecured creditors.  The Plan also proposes to bifurcate or, as it is commonly called, cram

down[5] Citizens' secured claim.  Citizens filed a proof of claim on August 5, 2008, asserting a

secured debt in the amount of $25,858.17.[6]

     In the Plan, the Debtors propose to pay Citizens $15,500 as a secured claim with a 6%

discount factor and treat the remaining balance of $10,358.17 as a non-priority unsecured claim.

There is no dispute that the Plan was filed and noticed to all creditors.  Citizens, however, has not

objected to the Debtors' proposed treatment of its claim or to the confirmation of the Plan.

## II.   JURISDICTION AND VENUE

     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and

1334.  Venue is appropriate under 28 U.S.C. § 1408(1).  The Court finds that notice of the

confirmation hearing was properly given to all creditors and parties in interest.

## III.   DISCUSSION

     The sole issue before the Court is whether, in the absence of an objection from Citizens,

the Court may confirm the Plan that provides for bifurcation of Citizens' secured claim under

§ 506 for a vehicle purchased within 910 days of filing.  The Debtors argue that the Plan should

be confirmed because despite the anti-cram down language of the hanging paragraph, the

creditor's acceptance of a proposed plan satisfies the confirmation requirements of § 1325(a).

---

     [5]      A "cram down" is the process by which the debtor is able to retain the collateral
over the creditor's objection to the proposed chapter 13 plan.  The debtor does this by bifurcating
the creditor's secured claim under § 506 and paying the secured portion at the value of the
collateral, rather than the actual amount owed, with the difference then being treated as an
unsecured claim. *Assocs. Commer. Corp. v. Rash*, 520 U.S. 953, 957 (1997).

     [6]      Claim No. 1.

They argue that Citizens' failure to object to the Plan's treatment of its claim constitutes

acceptance of the Plan.  In support of their argument, the Debtors cite to *In re Jones*[7] in which the

Tenth Circuit Court of Appeals (the "Tenth Circuit") notes that a secured creditor must

affirmatively assert its rights and object to the plan prior to confirmation in order to overcome the

plan's treatment of its claim.[8]  The Debtors argue that since Citizens has not objected to the

Plan's treatment of its claim, the Court should allow the bifurcation of Citizens' claim and

confirm their plan.  For the reasons set forth below, the Court disagrees.

A.       **Applicability of the Hanging Paragraph**

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act

of 2005 ("BAPCPA"), §§ 506(a)(1) and 1325(a)(5)(B) allowed chapter 13 debtors to bifurcate a

secured creditor's claim by treating the claim as secured up to the value of the collateral securing

the debt as long as the plan provided that the holder of the claim would retain its lien.[9]  The

balance was then reclassified and paid through the plan as a non-priority unsecured claim.[10]

BAPCPA, however, amended § 1325 to give special protection to creditors who finance

automobile transactions that occur within 910 days prior to the debtors' filing for chapter 13

relief.[11]

---

[7]       530 F.3d 1284 (10th Cir. 2008).

[8]       *Id*. at 1291 & n.4.

[9]       *In re Montoya*, 341 B.R. 41, 43 (Bankr. D. Utah 2006); *In re Bethoney*, 384 B.R. 24, 27 (Bankr. E.D. Mass. 2008).

[10]       *Id*.

[11]       *In re Burt*, 378 B.R. 352, 356 (Bankr. D. Utah 2007) (citing *Gen. Motors Acceptance Corp. v. Peaslee*, 373 B.R. 252, 256 (W.D.N.Y. 2007)).

Under BAPCPA, Congress added the hanging paragraph after § 1325(a)(9), which

prevents bifurcation of certain secured claims.  The hanging paragraph states:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.[12]

Since the enactment of the BAPCPA, the majority of courts interpreting the hanging

paragraph, including this Court, have held that it precludes chapter 13 debtors from using § 506

to bifurcate 910-day vehicle claims.[13]  It is undisputed that the retail installment contract that the

Debtors signed granted Citizens a purchase money security interest in the Chrysler.  Additionally,

the Debtors purchased the Chrysler on May 5, 2006 – well within 910 days of filing their petition

– for their personal use.  The Court, therefore, finds that Citizens' claim is a fully secured claim

subject to § 1325(a)(5) and the hanging paragraph.

> **B.      Secured Creditor's Silence Does Not Constitute an Implied Acceptance of a Plan that Provides for Bifurcation of a 910-day vehicle claim.**

Notwithstanding the applicability of the hanging paragraph, the Debtors argue that the

Plan should be confirmed because Citizens' failure to object to the treatment of its claim

constitutes acceptance of the Plan under § 1325(a)(5)(A).  Only a few courts have addressed the

---

[12]      11 U.S.C. § 1325(a)(*).

[13]      *In re Ballard*, 526 F.3d 634, 638 (10th Cir. 2008); *In re Wright*, 492 F.3d 829, 830 (7th Cir. 2007); *In re Taranto*, 365 B.R. 85, 89 (6th Cir. 2007); In *re Bethoney*, 384 B.R. at 28; *In re Montoya*, 341 B.R. at 44; *In re Tomasini*, 339 B.R. 773 (Bankr. D. Utah 2006); *In re Horn*, 338 B.R. 110 (Bankr. M.D. Ala. 2006); *In re Robinson*, 338 B.R. 70 (Bankr. W.D. Mo. 2006); *In re Sparks*, 346 B.R. 767 (Bankr. S.D. Ohio 2006); *In re Brooks*, 344 B.R. 417 (Bankr. E.D.N.C. 2006).

issue of whether a debtor may bifurcate a 910-day vehicle claim in the absence of an objection

from a secured creditor.[14]  One of those courts is from this District and involves the case of *In re*

*Montoya*.[15]

In *Montoya*, the debtor proposed a chapter 13 plan in which she sought to bifurcate the

910-day vehicle lender's secured claim.[16]  Like in this case, the debtor in *Montoya* argued that the

secured creditor's failure to object to a properly noticed plan constituted acceptance of the plan

under § 1325(a)(5)(a).[17]  The court disagreed, noting:

> This position overstates the case because the parties improperly combine two
> significantly different concepts and Code sections.  It is correct that, if a plan is
> properly noticed and otherwise meets the requirements of § 1325(a), the Court may
> deem a secured creditor's silence to constitute acceptance of a plan and the plan may
> be confirmed.  This "implied" acceptance is allowed because Chapter 13, unlike
> Chapter 11, has no balloting mechanism to evidence acceptance of a proposed plan,
> and it is only the negative – a filed objection – that evidences the lack of acceptance.
> When the creditor simply does nothing, the judicial doctrine of "implied" acceptance
> fills the drafting gap in the Code.  The concept of implied acceptance of an otherwise
> compliant plan, . . . however, is quite different from proposing a plan intentionally
> inconsistent with the Code and then waiting for the trap to spring on a somnolent
> creditor.[18]

The court further reasoned that even in the absence of an objection by the secured

creditor, the court has an "affirmative duty" to review the plan and to ensure that it complies with

the applicable provisions of the Bankruptcy Code.[19]  This duty is imposed by § 1325(a)(1), which

---

[14]      *In re Bethoney*, 384 B.R. at 32.

[15]      341 B.R. 41 (Bankr. D. Utah 2006).

[16]      *Id*. at 42.

[17]      *Id*. at 43.

[18]      *Id*. at 45.

[19]      *Id*. at 47.

states that "the court shall confirm a plan if (1) the plan complies with the provisions of [chapter

13] and with other applicable provisions of this title."[20]  The court concluded that the "offending

provision" in the plan that attempted to bifurcate a 910-vehicle claim "presents no less a bar to

confirmation than failing to pay priority claims in full, proposing a plan in bad faith, or proposing

a plan that is not feasible."[21]  The court, therefore, held that the plan could not be confirmed.[22]

The Debtors acknowledge *Montoya* but assert that its reasoning no longer applies because

of the Tenth Circuit's recently issued opinion in *In re Jones*.[23]  Specifically, the Debtors point to

the language on page 1291 of the opinion, which states, in relevant part, "if a secured creditor

fails to object to confirmation, the creditor will be bound by the confirmed plan's treatment of its

secured claim under § 1325(a)(5).  This is because the failure to object constitutes acceptance of

the plan."[24]  The Debtors also rely on the language in footnote 4 where the court explains "[w]e

have never cited *In re Szostek* as support for the debtors' position that the conditions of § 1325(a)

are discretionary.  Rather, our past decisions have cited the case as support for the general

proposition that creditors must affirmatively assert their rights prior to confirmation."[25]

The language, however, that the Debtors rely on from *Jones* is mere dicta.  In *Jones*, the

creditors actually objected to confirmation of the plans, and therefore, any discussion about a

---

[20]      11 U.S.C. § 1325(a)(1).

[21]      *In re Montoya*, 341 B.R. at 46 (internal citations omitted).

[22]      *Id*. at 47.

[23]      530 F.3d 1284 (10th Cir. 2008) (internal citations omitted).

[24]      *Id*. at 1291.

[25]      *Id*. at 1291 n.4 (citing *In re Andersen*, 179 F.3d 1253, 1257-58 (10th Cir. 1999),
*overruled by In re Mersmann*, 505 F.3d 1033, 1051 (10th Cir. 2007); *In re Talbot*, 124 F.3d
1201, 1209 n.10 (10th Cir. 1997)).

creditor's silence being deemed as an acceptance of a non-compliant plan is not controlling.

Moreover, the cases that *Jones* cites in support of this notion that silence constitutes acceptance

dealt with post-confirmation objections to a confirmed plan, and the objections were overruled as

being untimely and barred by *res judicata*. *Jones* is further distinguishable because the issue in

that case is very different from the one in the present matter. In *Jones*, the court was asked to

determine what interest rate would be allowed on a 910-day vehicle claim and whether there

could be a modification of the post-petition interest. Whereas the issue in this case is whether

the Court can confirm a plan that proposes to bifurcate a 910-day vehicle lender's claim where

the lender has not objected to the Plan.

Finally, the Debtors omit the two-page discussion in *Jones* where the court explains, in

great detail, how the requirements of § 1325(a) are "clearly mandatory" and the debtor must

satisfy them "to qualify for a Chapter 13 plan confirmation."[26] The debtors in *Jones* argued that

because the statute does not expressly direct the court to confirm a plan "*only* if" certain

conditions occur but uses less restrictive language, that this makes the requirements in § 1325(a)

discretionary.[27] The court rejected this argument, stating that when read in context "the

conditions specified in § 1325(a) are clearly mandatory requirements."[28] To illustrate the fallacy

in the debtors' reasoning, the *Jones* court pointed to § 1325(a)(3) which permits confirmation

when "the plan has been proposed in good faith and not by any means forbidden by law."[29] The

---

[26]     *Id*. at 1290.

[27]     *Id*.

[28]     *Id*. (citing *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)).

[29]     *In re Jones*, 530 F.3d at 1290 (quoting 11 U.S.C. § 1325(a)(3)).

court noted that "[i]f we were to adopt the debtors' reading of the statute, a bankruptcy court would have the discretion to confirm a plan even if it were proposed in bad faith or by illegal means.  Given this result, it is not surprising that we have repeatedly treated the conditions set forth in § 1325(a) as mandatory."[30]  As such, the language in the hanging paragraph found in § 1325(a) is mandatory, and nothing in *Jones* suggests that, notwithstanding the lack of an objection by a creditor, the Court has the discretion to confirm a plan that proposes to bifurcate a 910-day vehicle claim.

In light of the foregoing, the Court determines that the Debtors' argument and interpretation of *Jones* is not persuasive and expands the decision beyond its scope. Furthermore, the Court is not persuaded by the Debtors' argument that *Jones*, in any material way, limited *Montoya*'s applicability.  The Court believes that *Montoya* remains good law and its interpretation of the interplay between the anti-bifurcation provisions of the hanging paragraph and § 1325(a)(5)(A) is particularly instructive.  As noted in *Montoya*, even if the secured creditor fails to object to confirmation, the Court has an independent duty to review the Plan to ensure that it complies with the requirements of § 1325(a), including the anti-bifurcation provision of the hanging paragraph.  Accordingly, just as the Court cannot approve a plan that is proposed in bad faith, similarly, it cannot confirm a plan that proposes an improper treatment of a claim. Simply because a creditor fails to object to the Plan's treatment of its claim does not allow the Debtors to disregard the explicit language in the statute prohibiting such treatment.

---

[30]     *Id*.

As the court in *In re Bethoney*[31] appropriately noted "Congress has explicitly prohibited debtors from bifurcating debts arising out of purchase money security agreements incurred within 910-days of the date of the filing the petition with respect to motor vehicles acquired for the debtor's personal use.  The Debtor cannot simply override such legislation and modify [the creditor's] rights by filing . . . the Plan that provide[s] otherwise.  Moreover, [the court] cannot infer [the creditor's] consent to this treatment from the lack of objection because it has a reasonable expectation that [the court] will not approve treatment which violates the Bankruptcy Code."[32]  Although, the *Bethoney* case is from another circuit, the Court agrees with its reasoning and adopts it.

There may be instances where a creditor's silence constitutes acceptance of some matters under the Bankruptcy Code.  The Court, however, is of the opinion that bifurcation of 910-day vehicle claims, as the Debtors propose here, is not one of those instances.

## IV.  CONCLUSION

Based on the foregoing, the Court concludes that the Debtors' proposed treatment of Citizens' claim violates the hanging paragraph of § 1325(a) notwithstanding the lack of objection by Citizens, and confirmation is therefore denied.

---

[31]      384 B.R. 24.

[32]      *Id*. at 34-35.

_____ooo0ooo_____

**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below:

Charles Brent Garner
Tracey Taylor Garner
653 North 300 West
Hurricane, UT 84737
  *Debtors*

David T. Berry
Berry & Tripp
5296 South Commerce Drive, Suite 200
Salt Lake City, UT 84107
  *Attorney for the Debtors*

United States Trustee
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111

J. Vincent Cameron
47 West 200 South, Suite 600
Salt Lake City, UT 84101
  *Chapter 13 Trustee*

Citizens Automobile Finance
480 Jefferson Blvd., RJE135
Warwick, RI 02886

ORDER SIGNED